No. 81–2313. AVENUE BOOK STORE *v.* CITY OF TALL-
MADGE, OHIO. Ct. App. Ohio, Summit County. Certiorari
denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUS-
TICE MARSHALL join, dissenting.

In a common-law public nuisance action instituted by the
city of Tallmadge, Ohio, petitioner Avenue Book Store was
found to have been selling obscene material. The trial court
concluded that the operation of the bookstore constituted a
public nuisance as "a danger to the public morals and to the
community welfare." The rear portion of petitioner's book-
store, where the obscene material had been displayed and
sold, was ordered permanently closed.

On appeal, the Ohio Court of Appeals upheld the injunction
with some modifications. The injunction currently in effect
provides:

"In abatement of the nuisance, defendant is enjoined
from utilizing the rear section of the store for the exhi-
bition, display or sale of materials which display or de-
pict sexual conduct (activity) that is obscene as defined
by R. C. 1907.01 and interpreted by the Ohio Supreme
Court in State v. Burgun (1978), 56 Ohio St. 2d 354."
*City of Tallmadge, Ohio* v. *Avenue Book Store*, No.
10038 (Ohio App., Summit County, Oct. 28, 1981) (unre-
ported); App. to Pet. for Cert. 47.

The Court of Appeals held that the injunction, as modified,
did not constitute a prior restraint of protected communi-
cative material in violation of the First and Fourteenth
Amendments because "no punishment will be imposed until it
is proven that obscene material was indeed involved." *Id.*,
at 48. Assuming the injunction was a prior restraint, the
court held it was not an unconstitutional one because it did
not "carry with it any of the dangers of a censorship system"
against which the First Amendment protects. *Id.*, at 49.
Petitioner challenges both aspects of this holding.

In *Vance* v. *Universal Amusement Co.*, 445 U. S. 308 (1980), this Court upheld a finding that a Texas public nuisance statute authorized an unconstitutional "prior restraint of indefinite duration on the exhibition of motion pictures without a final judicial determination of obscenity and without any guarantee of prompt review of a preliminary finding of probable obscenity." *Id.*, at 309. Fatal to that statute were particular procedural infirmities of the Texas nuisance scheme whereby the subject of an abatement order or injunction "would be subject to contempt proceedings even if the film [was] ultimately found to be nonobscene." *Id.*, at 316.

The Court has never determined, however, whether abatement orders, such as the one involved in the present case, will pass constitutional muster when they permanently enjoin the use of a business premises for the sale or display of obscene material, but do not subject the owner to contempt sanctions unless there has been a judicial determination of obscenity. Various state courts have held that the exhibition, display, or sale of obscene material may not be enjoined unless there has been a prior judicial determination on the obscenity of the particular materials sought to be enjoined regardless of the procedural safeguards employed. See, *e. g.*, *People ex rel. Busch* v. *Projection Room Theatre*, 17 Cal. 3d 42, 59, 550 P. 2d 600, 610 (exhibition or sale of magazines or films not specifically determined to be obscene may not be enjoined), cert. denied, 429 U. S. 922 (1976); *State ex rel. Cahalan* v. *Diversified Theatrical Corp.*, 59 Mich. App. 223, 242, 229 N. W. 2d 389, 398 (1975) (upholding one-year closure but rejecting permanent injunction on use of building for exhibition of lewd films—only films already adjudged obscene may be enjoined).

Other state courts have upheld such injunctions against a constitutional challenge. The present case is such a decision. See also *State ex rel. Andrews* v. *Chateau X, Inc.*, 296 N. C. 251, 250 S. E. 2d 603 (1979), vacated and remanded, 445 U. S. 947 (1980), reaffirmed, 302 N. C. 321, 330, 275 S. E. 2d

443, 449 (1981) (upholding injunction against sale or exhibition of obscene material because there is no possibility of punishment for sale or exhibition of nonobscene material); *State ex rel. Kidwell* v. *U. S. Marketing, Inc.*, 102 Idaho 451, 458, 631 P. 2d 622, 629 (1981) (one-year closure of business premises is not an unconstitutional prior restraint), appeal dism'd by stipulation of parties, 455 U. S. 1009 (1982).

The extent to which States may use nuisance statutes and common-law nuisance actions to control obscenity and the nature of the procedural safeguards necessary to avoid constitutional problems are important unsettled questions which this Court should address. Accordingly, I dissent from the denial of certiorari.